**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANIEL C. DECARLO, SB# 160307
  E-Mail: Dan.DeCarlo@lewisbrisbois.com
DANIEL R. LEWIS, SB# 260106
  E-Mail: Thomas.Kidde@lewisbrisbois.com
GRIFFEN J. THORNE, SB# 306152
  E-Mail: Griffen.Thorne@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff Clear Creek Consulting, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Clear Creek Consulting, Inc., a Colorado Corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Optima Tax Relief, LLC, a Delaware Limited Liability Company; and DOES 1–10,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>(1) **FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a);**<br>(2) **TRADEMARK INFRINGEMENT 15 U.S.C. § 1125(a);**<br>(3) **PASSING OFF;**<br>(4) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET AL.***<br><br>**JURY TRIAL DEMANDED.**<br><br>Trial Date:   None Set |

4816-2410-4781.1

1

Clear Creek Complaint

# COMPLAINT

Plaintiff Clear Creek Consulting, Inc. ("Clear Creek"), by and through its undersigned attorneys, hereby make this Complaint as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Lanham Act, 15 U.S.C. §1051 *et seq.* and contains related California statutory and common law claims. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), since they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Additionally, the court has subject matter jurisdiction over all of Plaintiff's claims as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. This Court has personal jurisdiction over the Defendant as its principal place of business is in Santa Ana, California. Furthermore, some of the infringing and unlawful conduct occurred in California. These acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and the Defendant's principal place of business is within the Central District of California.

## PARTIES

4. Plaintiff, Clear Creek, is a corporation organized and existing under the laws of the state of Colorado with its principal place of business located at 2285 Century Place, Suite 200, Louisville, CO 80027, United States.

5. Defendant Optima Tax Relief, LLC. ("Optima") is a Limited Liability Company organized and existing under the laws of the state of Delaware with its

principal place of business located at, on information and belief, 3100 South Harbor Boulevard, Suite 250, Santa Ana, California 92704.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to the Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. The Plaintiff is informed and believes and thereon allege that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, co-conspirator, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of the Plaintiff's rights and the damages to the Plaintiff proximately caused thereby.

**SUMMARY OF FACTS**

8. Clear Creek is a nationwide firm which specializes in matters of tax resolution and assistance for both companies and individuals.

9. For over 13 years, Clear Creek has utilized the trademarks Clear Creek, Clear Creek Tax, and Clear Creek Consulting (the "Clear Creek Marks") in connection with its business.

10. Since inception, Clear Creek has provided services to clients located in every state in the nation.

11. Clear Creek operates a website at www.clear-creek-tax.com and

through its website and elsewhere actively solicits customers throughout the United States.

12. At all relevant times, Clear Creek has continually used the Clear Creek Marks throughout the United States in connection with the marketing and sale of its services.

13. Clear Creek's marketing of its services has included radio ads, direct mailings, direct telephone marketing, its website, pay per click services, search engine optimization tools, and Google Adwords.

14. Clear Creek has spent millions of dollars marketing its services throughout the United States.

15. A significant number of Clear Creek's customers are obtained via the internet and in particular via its online advertising efforts. The internet, including various internet advertising tools such as Google AdWords, is an effective means of promoting and advertising for tax resolution services.

16. As a result of Clear Creek's wide spread and continuous use, advertisement and promotion of its services utilizing the Clear Creek Marks, the Clear Creek Marks have become widely known and recognized as identifying Clear Creek as the source of tax related services, including tax resolution and other tax help services.

17. The Clear Creek Marks have come to represent and symbolize the excellent reputation of Clear Creek's services and Clear Creek's valuable goodwill among members of the public throughout the United States.

18. Clear Creek, as a result of its excellent reputation and goodwill, has received an A+ rating with the Better Business Bureau.

19. The Clear Creek Marks are all inherently distinctive, and additionally, have acquired a secondary meaning throughout the United States.

*Defendant's Scheme to Defraud the Public Using the Clear Creek Marks*

20. In or around June of 2017, Clear Creek was informed that Optima was using a Google AdWords campaign which deceptively utilized the Clear Creek Marks to trick perspective Clear Creek customers into entering into a business relationship with Optima. (the "Deceptive Advertising Campaign")

21. On information and belief, Optima's Deceptive Advertising Campaign relies on the purchase of the key words, "Clear", "Creek", "Tax" and "Resolution" (or some combination thereof) from Google AdWords. The Google Ad Words program allows advertisers to "bid" on keywords which, depending on the amount bid, causes the advertiser's advertisements to be prominently featured in Google's search results. The more an advertiser bids on a keyword, the more likely it is that the advertiser's advertisement will flow to the top of the search results.

22. On information and belief, when a perspective client of Clear Creek enters "Clear Creek Tax Resolution" into google using a computer or other device that has an IP address with a location outside of Colorado in an effort to locate Clear Creek's website, a deceptive advertisement sponsored by Optima is displayed at the top of the search results.

23. For example, when "Clear Creek Tax Resolution" is searched outside of Colorado, an advertisement for Optima is prominently displayed as the second search result. The text of the advertisement reads "Clear Creek Tax Resolution – BBB Accredited & 'A+' Rating." The link, however, does not take a searcher to Clear Creek's website, but rather to Optima's. A screenshot of the deceptive advertisement is included below.



24. Optima did not have Clear Creek's consent or permission to use the Clear Creek Marks in connection with its advertisements.

25. The use of the Clear Creek Marks in the title of the paid search result creates an inherently deceptive advertisement. A prospective customer who enters Clear Creek Tax Resolution would instinctively assume that the paid advertisement would take them to Clear Creek's website, not Optima's.

26. As part of Optima's Deceptive Advertising Campaign, the webpage associated with Optima's deceptive google advertisement is not the Optima website homepage, but rather, a barebones webpage which seeks to quickly obtain a customer's information with almost no designation that the website is affiliated with Optima rather than Clear Creek. Below is a screenshot of the webpage which is linked to the deceptive advertisement ("The Deceptive Optima Landing Page").



27. As can be seen above, the Optima Tax logo is hardly noticeable while the pull down menu which asks the customer to enter their information is prominently displayed. In contrast, a consumer actually searching for Optima would be directed to the Optima website home page which prominently identifies Optima as the source of the website. Below is a screen shot of the Optima website home page.



28. The stark disparity between the Optima website homepage, i.e. the landing spot for consumers who are knowingly searching for Optima versus The Deceptive Optima Landing Page, where those searching for Clear Creek are directed, illustrates the intentional and willful nature of Optima's deception. Optima prominently displays a multitude of source identifiers for Optima on its website home page while conspicuously avoiding such overt source indicia on the Deceptive Optima Landing Page. This differing treatment of its own trademark, illustrates plainly Optima's deceptive intent.

29. A likely consumer that found him or herself on The Deceptive Optima Landing Page would not realize that they were even providing their information to Optima instead of Clear Creek until after they had already provided Optima with the amount of money they owe, the state they live in, and their contact information. This information once entered, of course, gives Optima's highly trained sales force

the ability to swoop in and capture the customer's business likely before the customer even realizes that Optima is not Clear Creek. And even if the mislead consumer appreciates at some point during this process that Optima is not Clear Creek, the consumer will already have come under the aggressive and persuasive sales pitch of Optima's sales team. It is noteworthy that consumers for tax resolution services are naturally vulnerable. They are in a highly anxious state because they are being pursued for taxes owed. Optima preys on this anxiety to deceive these customers.

30. In an attempt to hide their deception from Clear Creek, on information and belief, Optima has utilized as part of its Deceptive Advertising Campaign, a geographic filter that prevents the deceptive advertisement referenced above from being seen to those who are accessing google from inside Colorado.

31. This, on information and belief, was done to try and hide the Deceptive Advertising Campaign from Clear Creek, which Optima knew was headquartered in Colorado, for as long as possible. In fact, Optima's efforts were successful, as, on information and belief, Optima was able to employ its Deceptive Advertising Campaign without detection from Clear Creek for an unknown period of time.

**FIRST CLAIM FOR RELIEF**

**(For Trademark Infringement, 15 U.S.C. § 1125(a))**

32. Clear Creek repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Defendants' use of the Clear Creek Marks in interstate commerce, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1125(a).

34. Consumers are likely to be misled and deceived by Defendants' use of

the Clear Creek Marks, including that such consumers are likely to be confused.

35. Defendants knew or should have known that their use of the Clear Creek Marks in the title of their advertisement was likely to confuse and mislead consumers as to the source of the services. Indeed, as alleged above and on information and belief, Defendants were well aware that the complained of acts herein would result in consumers being confused. It was that very confusion that Defendants hoped to and did, on information and belief, profit from.

36. As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, Plaintiff has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation. Additionally, Defendants have and will continue to unfairly acquire income, profits and goodwill from the use of the Clear Creek Marks in their Deceptive Advertising Campaign.

37. Clear Creek has no adequate remedy at law because the Clear Creek Marks are unique and represent to the public Clear Creek's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate for Defendants' blatant misconduct.

38. Unless enjoined by this Court, Defendants will continue to infringe Clear Creek's common law trademark rights in violation of federal law.

39. In addition to injunctive relief, Plaintiff is entitled to monetary damages in excess of $75,000 to be proven at trial.

40. Because, on information and belief, Defendants willfully violated Clear Creek's trademark rights, Plaintiff is entitled to disgorge Defendants' profits attributable to the infringement.

41. Furthermore because, on information and belief, Defendants use of the Clear Creek Marks was willful, and done with the intent to cause confusion, mistake, or deception, this case is exceptional. This entitles Clear Creek to recover

4816-2410-4781.1                                10
                                    Clear Creek Complaint

1  treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

2

3  **SECOND CLAIM FOR RELIEF**

4  **(For False Designation of Origin, 15 U.S.C. § 1125(a))**

5  42. Clear Creek repeats, realleges, and incorporates herein by reference as
6  though fully set forth, the allegations contained in the preceding paragraphs of this
7  Complaint.

8  43. Defendants' actions described above constitute unfair competition,
9  false designation of origin, false or misleading descriptions or representations of fact
10 that falsely designate Defendants' products and/or services as originating from or
11 connected with Plaintiff, and constitute the use of false descriptions or
12 representations in interstate commerce under 15 U.S.C. § 1125(a)

13 44. Consumers are likely to be misled, deceived and confused by
14 Defendants' use of the Clear Creek Marks.

15 45. Defendants knew or should have known that their use of the Clear
16 Creek Marks in the title of their advertisement was likely to confuse and mislead
17 consumers as to the source of the services.

18 46. As a direct and proximate result of the foregoing acts, practices, and
19 conduct of Defendants, Plaintiff has been substantially injured in its business
20 resulting in lost revenues and profits, and diminished goodwill and reputation.
21 Additionally, Defendants have and will continue to unfairly acquire income, profits
22 and goodwill from the unlawful activity outlined here and as part of the the
23 Deceptive Advertising Campaign.

24 47. Clear Creek has no adequate remedy at law because the Clear Creek
25 Marks are unique and represent to the public Clear Creek's identity, reputation, and
26 goodwill, such that monetary damages alone cannot fully compensate for
27 Defendants' blatant misconduct.

28

48. Unless enjoined by this Court, Defendants will continue to engage in the unlawful conduct outline here.

49. In addition to injunctive relief, Plaintiff is entitled to monetary damages in excess of $75,000 to be proven at trial.

50. Because, on information and belief, Defendants willfully engaged in the unlawful activity set forth here, Plaintiff is entitled to disgorge Defendants' profits attributable to the unlawful conduct .

51. Furthermore because, on information and belief, Defendants unlawful acts as outlined here was willful, and done with the intent to cause confusion, mistake, or deception, this case is exceptional. This entitles Clear Creek to recover treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Passing Off Under California Common Law)

52. Clear Creek repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

53. Defendants have used marks which closely resemble and are substantially indistinguishable from the Clear Creek Marks without Clear Creek's consent.

54. The use of marks which are identical, closely resemble or are indistinguishable from the Clear Creek Marks without Clear Creek's consent is likely to confuse, mislead, and deceive Plaintiff's and Defendants' customers and members of the public as to the origin of Defendants' services and products, or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Clear Creek or in some way affiliated or connected with Plaintiff when they are not. Defendants have thus

passed off their services to consumers as those of Plaintiff's in violation of California common law.

55. Defendants knew or should have known that their unlawful practices as set forth above including but not limited to the use of the Clear Creek Marks in the Deceptive Advertising Campaign was likely to confuse and mislead consumers as to the source of the services being offered. Defendants knew that their actions would cause consumers to believe they were purchasing services from Plaintiff even though said consumers were, as a result of Defendants unlawful conduct, purchasing services from Defendants instead.

56. As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, Plaintiff has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation. Additionally, Defendants have and will continue to unfairly acquire income, profits and goodwill from their unlawful conduct as outlined here including but not limited to the use of the Clear Creek Marks in the Deceptive Advertising Campaign.

57. Clear Creek has no adequate remedy at law because the Clear Creek Marks are unique and represent to the public Clear Creek's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate for Defendants' blatant misconduct.

58. Unless enjoined by this Court, Defendants will continue to engage in the unlawful conduct outlined here.

59. In addition to injunctive relief, Plaintiff is entitled to monetary damages in excess of $75,000 to be proven at trial.

60. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and confusing the public as to the source of the services offered in connection with the Deceptive Advertising Campaign. Indeed, Defendants intended to pass of their

own services as those of the Plaintiff to unknowing and unwitting consumers. These actions amount to malice, and were in conscious disregard of the rights of Plaintiff and the public. Plaintiff is thus entitled to recover punitive damages from the Defendants in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### (Violations of California Business and Professions Code § 17200 *et seq.* Against All Defendants)

61. Clear Creek repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

62. The Defendants unauthorized use of the Clear Creek Trademarks in interstate commerce to advertise, promote, market, and offer for sale goods covered by the Clear Creek Trademarks, as described above, constitutes trademark infringement, passing off, and unfair competition in violation of the laws of the State of California.

63. By these actions, Defendants have engaged in unfair competition in violations of the statutory law of the state of California, Cal. Bus. & Prof. Code § 17200, *et seq*.

64. As a consequence of such unlawful conduct Clear Creek is entitled to injunctive relief pursuant to California, Cal. Bus. & Prof. Code § 17203. Clear Creek has no adequate remedy at law because the Clear Creek Marks are unique and represent to the public Clear Creek's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate for Optima's blatant misconduct.

65. Unless enjoined by this Court, Defendants will continue to violate Clear Creek's rights.

# PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. For general, compensatory and special damages according to proof at the time of trial including an enhancement by the Court as set forth in 15 U.S.C 1117;

B. For a disgorgement of the profits earned by Defendants that are attributable to the wrongful acts set forth herein pursuant to 15 U.S.C. 1117;

C. For a determination that this case is "exceptional" and that Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this action pursuant to 15 U.S.C. 1117;

D. For the grant of a permanent injunction enjoining Defendants from using the Clear Creek Marks, or any confusingly similar marks, in connection with the marketing, promotion, or advertising of Defendants' services or goods.

E. For punitive damages in an amount to be determined at trial;

F. For the costs of this action and for pre-judgment interest as allowed by law; and

G. For any such further legal and equitable relief as the Court deems proper.

DATED: August 22, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/
     Daniel C. DeCarlo
     Attorneys for Defendant Clear Creek Consulting, Inc.

**JURY TRIAL DEMAND**

The Plaintiff demands a jury trial on all matters so triable.

DATED: August 22, 2017     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___/s/_____
Daniel C. DeCarlo
Attorneys for Plaintiff Clear Creek Consulting, Inc.