1  **ERIK S. SYVERSON (SBN 221933)**
2  esyverson@raineslaw.com
   **STEVEN T. GEBELIN (SBN 261507)**
3  sgebelin@raineslaw.com
   **RAINES FELDMAN LLP**
4  1800 Avenue of the Stars, 12th Floor
5  Los Angeles, California 90067
   Telephone:  (310) 440-4100
6  Facsimile:   (310) 691-1943
7
8  Attorneys for DEFENDANT
   Optima Tax Relief, LLC
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                   **SOUTHERN DIVISION**

13
   CLEAR CREEK CONSULTING, INC., a          Case No. 8:17-cv-01444-JLS (KES)
14 Colorado Corporation

15              Plaintiff,                   **OPTIMA TAX RELIEF'S
                   v.                        ANSWER TO COMPLAINT**
16
   OPTIMA TAX RELIEF, LLC, a Delaware
17 Limited Liability Company; and DOES 1-
   10;                                       Action Filed: August 22, 2017
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

---

1    Defendant OPTIMA TAX RELIEF, LLC ("Defendant" or "Optima") by and

2  through its undersigned counsel of record hereby answers Plaintiff CLEAR CREEK

3  CONSULTING, INC.'s ("Plaintiff" or "Clear Creek") Complaint as follows:

4                              **JURISDICTION AND VENUE**

5    1.    Defendant neither admits nor denies the allegations contained in

6  Paragraph 1 to the extent those allegations are conclusions of law to which no

7  response is required; to the extent any of the allegations of the Paragraph 1 may be

8  deemed allegations of fact, Defendant presently lacks knowledge or information

9  sufficient to form a belief about the truth of the allegations and on that basis denies

10  them.

11    2.    Defendant admits that its principal place of business is in Santa Ana,

12  California.  Defendant neither admits nor denies the remainder of the allegations

13  contained in Paragraph 2 to the extent those allegations are conclusions of law to

14  which no response is required; to the extent any of the remainder of the allegations

15  of Paragraph 2 may be deemed allegations of fact, Defendant denies them.

16    3.    Defendant admits that its principal place of business is within the

17  Central District of California.  Defendant neither admits nor denies the remainder of

18  the allegations contained in Paragraph 3 to the extent those allegations are

19  conclusions of law to which no response is required; to the extent any of the

20  remainder of the allegations of Paragraph 3 may be deemed allegations of fact,

21  Defendant denies them.

22                                    **PARTIES**

23    4.    Defendant presently lacks knowledge or information sufficient to form

24  a belief about the truth of the allegations of Paragraph 4, and on that basis denies

25  them.

26    5.    Defendant admits that it is a Limited Liability Company organized and

27  existing under the laws of the state of Delaware with its principal place of business

28  located at 3100 South Harbor Boulevard, Suite 250, Santa Ana, California 92704.

6.      Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, and on that basis denies them.

7.      Defendant neither admits nor denies the allegations contained in Paragraph 7 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 7 may be deemed allegations of fact, Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

## SUMMARY OF FACTS

8.      Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and on that basis denies them.

9.      Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, and on that basis denies them.

10.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10, and on that basis denies them.

11.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11, and on that basis denies them.

12.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12, and on that basis denies them.

13.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and on that basis denies them.

14.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and on that basis denies them.

15.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, and on that basis denies them.

16.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, and on that basis denies them.

17.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and on that basis denies them.

18.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and on that basis denies them.

19.     Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, and on that basis denies them.

20.     Defendant denies that "Optima was using a Google AdWords campaign which deceptively utilized the Clear Creek Marks to trick perspective Clear Creek customers into entering into a business relationship with Optima." Defendant presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 20, and on that basis denies them.

21.     Defendant admits that it bid on and/or purchased advertising connected to the key words "Tax Resolution." Defendant admits that "The Google Ad Words program allows advertisers to "bid" on keywords which, depending on the amount bid, causes the advertiser's advertisements to be prominently featured in Google's search results. The more an advertiser bids on a keyword, the more likely it is that

1   the advertiser's advertisement will flow to the top of the search results."  Defendant

2   denies the reminder of the allegations of Paragraph 21.

3          22.    Defendant denies the allegations of Paragraph 22.

4          23.    Defendant admits that in response to certain Google search queries

5   containing "tax resolution" from territories in which Optima provides services that

6   advertisements for Optima would appear in search results along with Optima's BBB

7   Accreditation and A+ Rating, a labeled hyperlink displaying that it would take the

8   user to Optima's advertising website at app.optimataxrelief.com/Tax-Resolution.

9   Defendant denies that the advertisement is deceptive.  Defendant presently lacks

10  knowledge or information sufficient to form a belief about the truth of the remainder

11  of the allegations of Paragraph 23, and on that basis denies them.

12         24.    Defendant presently lacks knowledge or information sufficient to form

13  a belief about the truth of the allegations of Paragraph 24, and on that basis denies

14  them.

15         25.    Defendant denies the allegations of Paragraph 25.

16         26.    Defendant admits that the webpage at linked to by its advertising

17  results differs in some respects from Optima's website at optimataxrelief.com.

18  Defendant lacks sufficient knowledge to authenticate the screenshot incorporated

19  into Paragraph 26, and on that basis denies the allegations as to its authenticity.

20  Defendant denies that the remainder of the allegations of Paragraph 26.

21         27.    Defendant lacks sufficient knowledge to authenticate the screenshot

22  incorporated into Paragraph 27, and on that basis denies the allegations as to its

23  authenticity.  Defendant denies the remainder of the allegations of Paragraph 27.

24         28.    Defendant denies the allegations of Paragraph 28.

25         29.    Defendant denies the allegations of Paragraph 29.

26         30.    Defendant admits that it uses filtering to avoid purchasing advertising

27  shown outside of the geographic areas in which it provides services, and that such

28

filters are intended to prevent any Optima search advertising from being show in Colorado.  Defendant denies the remainder of the allegations of Paragraph 30.

31.    Defendant denies the allegations of Paragraph 31.

## FIRST CLAIM FOR RELIEF

### (For Trademark Infringement, 15 U.S.C. § 1125(a))

32.    Defendant repeats and reasserts its responses to the allegations of Paragraphs 1 through 31 above as if fully set forth herein.

33.    Defendant neither admits nor denies the allegations contained in Paragraph 33 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 33 may be deemed allegations of fact regarding Optima, Defendant denies them.

34.    Defendant denies the allegations of Paragraph 34.

35.    Defendant denies the allegations of Paragraph 35.

36.    Defendant denies the allegations of Paragraph 36.

37.    Defendant denies that it committed any "misconduct."  Defendant neither admits nor denies the remainder of the allegations contained in Paragraph 37 to the extent those allegations are conclusions of law to which no response is required; to the extent the remaining allegations are allegations of fact Defendant presently lacks knowledge or information sufficient to form a belief about their truth, and on that basis denies them.

38.    Defendant denies the allegations of Paragraph 38.

39.    Defendant denies the allegations of Paragraph 39.

40.    Defendant denies the allegations of Paragraph 40.

41.    Defendant denies the allegations of Paragraph 41.

## SECOND CLAIM FOR RELIEF

### (For False Designation of Origin, 15 U.S.C. § 1125(a))

42.    Defendant repeats and reasserts its responses to the allegations of Paragraphs 1 through 41 above as if fully set forth herein.

1    43.    Defendant neither admits nor denies the allegations contained in

2 Paragraph 43 to the extent those allegations are conclusions of law to which no

3 response is required; to the extent any of the allegations of the Paragraph 43 may be

4 deemed allegations of fact regarding Optima, Defendant denies them.

5    44.    Defendant denies the allegations of Paragraph 44.

6    45.    Defendant denies the allegations of Paragraph 45.

7    46.    Defendant denies the allegations of Paragraph 46.

8    47.    Defendant denies that it committed any "misconduct."  Defendant

9 neither admits nor denies the remainder of the allegations contained in Paragraph 47

10 to the extent those allegations are conclusions of law to which no response is

11 required; to the extent the remaining allegations are allegations of fact Defendant

12 presently lacks knowledge or information sufficient to form a belief about their

13 truth, and on that basis denies them.

14    48.    Defendant denies the allegations of Paragraph 48.

15    49.    Defendant denies the allegations of Paragraph 49.

16    50.    Defendant denies the allegations of Paragraph 50.

17    51.    Defendant denies the allegations of Paragraph 51.

18                    **THIRD CLAIM FOR RELIEF**

19              **(Passing Off Under California Common Law)**

20    52.    Defendant repeats and reasserts its responses to the allegations of

21 Paragraphs 1 through 51 above as if fully set forth herein.

22    53.    Defendant denies the allegations of Paragraph 53.

23    54.    Defendant denies the allegations of Paragraph 54.

24    55.    Defendant denies the allegations of Paragraph 55.

25    56.    Defendant neither admits nor denies the allegations contained in

26 Paragraph 56 to the extent those allegations are conclusions of law to which no

27 response is required; to the extent any of the allegations of the Paragraph 56 may be

28 deemed allegations of fact regarding Optima, Defendant denies them.

57.     Defendant neither admits nor denies the allegations contained in Paragraph 57 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 57 may be deemed allegations of fact regarding Optima's actions, Defendant denies them.  To the extent any of the allegations of Paragraph 57 that may be deemed allegations of fact, including those concerning the alleged recognition or strength of Plaintiff's alleged marks, Defendant lacks information presently lacks knowledge or information sufficient to form a belief about their truth, and on that basis denies them.

58.     Defendant denies the allegations of Paragraph 58.

59.     Defendant denies the allegations of Paragraph 59.

60.     Defendant denies the allegations of Paragraph 60.

## FOURTH CLAIM FOR RELIEF

**(Violations of California Business and Professions Code § 17200 et seq.**

**Against All Defendants)**

61.     Defendant repeats and reasserts its responses to the allegations of Paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendant denies the allegations of Paragraph 62.

63.     Defendant neither admits nor denies the allegations contained in Paragraph 63 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 63 may be deemed allegations of fact, Defendant denies them.

64.     Defendant neither admits nor denies the allegations contained in Paragraph 64 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 64 may be deemed allegations of fact, Defendant denies them.

65.     Defendant denies the allegations of Paragraph 65.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, including without limitation any of the specific relief alleged in Paragraphs 1 through 10 of the Prayer for Relief in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof on Plaintiff's claims, Defendant hereby asserts the following affirmative defenses. These affirmative defenses are asserted in the alternative, and in no way constitute any admission on the part of Defendant.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

The Complaint, and each purported claim or cause of action contained therein, does not state facts sufficient to constitute a claim upon which relief may be granted against answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

On information and belief, the Court lacks subject matter jurisdiction over the Complaint, and each purported claim contained therein, because each claim therein based upon Federal Law, is barred, in whole or in part, on the grounds that the allegedly "hacked" computer(s) were not located within the United States.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's action is barred in whole or in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred from any recovery against defendant by reason of the doctrine of laches and undue delay in giving notice to defendant of the matters

1 | alleged in the complaint and in commencing this litigation.

## FIFTH AFFIRMATIVE DEFENSE

### (Fair Use)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, based on the doctrine of Fair Use.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Recognition)

On information and belief, the Complaint, and/or each purported claim contained therein, is barred, in whole or in part, because Plaintiff's alleged marks lack secondary meaning, consumer recognition, or association with Plaintiff, especially within California.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims, and each of them in the Complaint are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's recovery against this answering Defendant, if any, is barred by Plaintiff's failure to mitigate the damages alleged in Plaintiff's Complaint, if such damages exist. If not completely barred, Plaintiff's recovery against this answering Defendant must be reduced to the extent that Plaintiff's damages, if any, were caused by Plaintiff's failure to mitigate their damages properly.

## NINTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is prosecuting its claims in bad faith and for an improper purpose.

## TENTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

Any harm to Plaintiff was caused not by Defendant but by the independent acts of third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Harm)

Defendant is informed and believes, and on that basis allege that the Complaint is barred, in whole or in part, because Plaintiff has not suffered any losses, damages or detriments, in any sum or amount whatever, as a result of Defendant's activities alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant acted in good faith for proper business purposes in taking the actions alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Business Justification)

Defendant allege upon information and belief, that his activities undertaken with respect to Plaintiff, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Wrongful or Unlawful Intent)

Defendant allege that Plaintiff's claims are barred because any and all alleged wrongful or unlawful conduct attributed to Defendant was not unlawful, intentional or willful.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

No punitive or exemplary damages can be awarded against Defendant arising

out of the Plaintiff's claims because an award of punitive or exemplary damages would be unconstitutional.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees and Costs)

Defendant allege that Plaintiff has failed to state or establish facts sufficient to entitle it to a recovery of attorneys' fees and costs pursuant to any statute, rule, or regulation under California or Federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

The alleged injury or damage suffered by Plaintiff, if any, and if proven, could be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, because such recovery against this answering Defendant would result in unjust enrichment to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that it is frivolous, unreasonable, not brought in good faith and groundless.  Accordingly, Defendant is entitled to recover all costs and attorneys' fees incurred herein.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Preemption)

Counts IV's Claims are re preempted, in whole or in part, by the Lanham Act, 15 U.S.C. § 1051, *et seq.*

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (No Waiver of Additional Affirmative Defenses)

3

Defendant reserves the right to assert additional affirmative defenses.

4

## PRAYER FOR RELIEF

5

Wherefore Defendant prays for judgment as follows:

6

      a.     That Plaintiff takes nothing by way of its Complaint; and that judgment

7

be entered in favor of Defendant on all of Plaintiff's claims;

8

      b.     That Defendant be awarded its costs of suit incurred in defense of this

9

action and reasonable attorney's fees as provided by law, including as an

10

exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a);

11

      c.     For such other and further relief as the Court deems proper.

12

13

DATED: October 17, 2017         Respectfully submitted,

14

                          **RAINES FELDMAN, LLP**

15

                          By:   */s/ Steven Gebelin*

16

                              ERIK S. SYVERSON

17

                              STEVEN T. GEBELIN

18

                        Attorneys for Defendant

19

                        Optima Tax Relief, LLC

20

21

22

23

24

25

26

27

28