**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANIEL C. DECARLO, SB# 160307
  E-Mail: Dan.DeCarlo@lewisbrisbois.com
DANIEL R. LEWIS, SB# 260106
  E-Mail: Daniel.Lewis@lewisbrisbois.com
GRIFFEN J. THORNE, SB# 306152
  E-Mail: Griffen.Thorne@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff CLEAR CREEK CONSULTING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| Clear Creek Consulting, Inc., a Colorado Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>Optima Tax Relief, LLC., a Delaware Limited Liability Company; and DOES 1-10,<br><br>            Defendant. | CASE NO. 8:17-cv-01444-JLS (KESx)<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**<br><br>The Hon. Josephine L. Staton<br><br>Action Filed:   Aug. 22, 2017<br>Trial Date:     Vacated<br><br>Hrg. Date:   May 1, 2018<br>Time:        10:00 a.m.<br>Crtrm.:       6D<br><br>**[Discovery Document: Referred to Magistrate Judge Karen E. Scott]**<br><br>Discovery Cut-Off: September 11, 2018<br>Motion Cut-Off: September 21, 2018<br>Pre-Trial Conference: January 11, 2019 |

## I. INTRODUCTION

Defendant's portion of the Joint Stipulation refuses to offer any explanation for why Defendant refused to timely respond, seek an extension, or meet and confer with Plaintiff in good faith. Remarkably, Defendant asks the Court not to compel it to produce documents that are clearly responsive, but rather to let it meet and confer with Plaintiff as to what it can continue to withhold. ECF No. 22-1 at 7:8–11. This would be a futile effort in light of Defendant's refusal to meet and confer prior to the filing of the motion. Defendant's meet and confer position is best summarized by its counsel's following statement, made weeks after Defendant had missed its deadline to respond: "We understand your right to discovery and are working through this to avoid court intervention. Do you have any pending court deadlines? Or is it just a generalized desire to move things at your pace?" ECF No. 22-2 at 11.

Defendant goes on to misleadingly claim that it has produced documents responsive to the requests. This production was made *after* the motion to compel was drafted and served on Defendant, and consisted of just **13 pages** of materials that were designated "Confidential" in spite of not having a protective order in place.[1] The production consists of a declaration and a few pages of printouts online that come nowhere close to complying with the requests for production ("RFPs") at issue—even if Defendant hadn't waived its objections.

Defendant has assured Plaintiff since the inception of this lawsuit that its profits from the use of Plaintiff's trademark are *de minimis* and that any use of Plaintiff's name in Defendant's search engine optimization efforts was innocent. Plaintiff has failed, however, and despite our urging, to provide documents that would support the notion that the adoption was innocent. Despite the fact that Defendant used the name of a competitor in its online advertising to capture those

---

[1] Counsel now claims the late production was accidental, but this is not the first time that defense counsel "accidentally" transmitted materials late that had allegedly been prepared at an earlier date. ECF No. 22-2 at 14.

looking for Clear Creek, Defendant has taken a remarkably cavalier approach. The records is clear that we made every effort to persuade Defendant to comply with discovery and Defendant ignored the efforts. Even as of today, its production totals out at just 13 pages of documents. Without an order, Defendant will not comply with its discovery obligations.

## II. THERE IS NO CAUSE TO EXCUSE DEFENDANT'S WAIVERS

Defendant does not dispute that it exceeded the time required for it to object. Instead, Defendant's position is that its failure to respond should be excused for "good cause" (though it never explains what that good cause is). The only authority Defendant cites for the good cause standard is inapposite. In *Blumenthal v. Drudge*, the court noted that the discovery sought by the defendant greatly exceeded the limits both of the Federal Rules and of common sense, and also noted that other courts in its position may have found the objections waived. 186 F.R.D. 236, 239, 240 n.4 (D.D.C. 1999). The only Ninth Circuit case Defendant cites held that, as a result of failing to timely object, the party's objections were waived. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). So this case actually supports Plaintiff's position.

Conspicuously absent from Defendant's briefing is any legitimate analysis of the good cause factors. Courts consider the following factors for determining whether there is good cause: "(1) the length of the delay in responding; (2) the reason for the delay; (3) dilatory conduct or bad faith by the responding party; (4) prejudice to the party seeking the disclosure; (5) the nature of the request (*i.e.*, whether the discovery requested was overly burdensome or otherwise improper); and (6) the harshness of imposing the waiver." *Zuniga v. Western Apts.*, No. CV 13-4637 JFW(JCx), 2014 U.S. Dist. LEXIS 83135, at *5–6 n.1 (C.D. Cal. Mar. 25, 2014) (citation omitted). These factors all favor a finding of waiver.

The length of delay was unreasonable. Responses were due in January 2018. Plaintiff did not respond to the discovery until February 6, 2018—despite **repeated**

requests for responses. *See Bryant v. Armstrong*, 285 F.R.D. 596, 602 (S.D. Cal. 2012) (finding objections waived after discovery responses were served 1.5 months late). Even assuming the extension granted on January 22, 2018 could be construed as an agreement to permit Defendant to maintain its already waived objections—which was never in fact agreed to—that extension was only to **January 26, 2018**. Written responses were not provided until February 6, 2018, and only after a Local Rule 37-1 meet and confer was requested.[2] ECF No. 22-3 at 10.

As to the reason for delay and Defendant's dilatory nature, Defendant has offered NO explanation for why it did not respond to the discovery, did not substantively respond to numerous meet and confer demands, and did not seek an extension at any time.

Defendant has failed to establish prejudice. The nature of the requests, which are attached to the Gebelin Declaration (ECF No. 22-3) as Exhibit 3, is that they are narrowly tailored to the pertinent allegations in the pleadings and in many cases, seek only "documents sufficient" to establish the subject matter of the request. Defendant's objections would lack merit, even if timely.

Finally, any purported harshness of waiver is of Defendant's own making. Even Defendant cites the following case: "Finding that a party has waived its right to assert a privilege objection due to its conduct (or lack thereof) is a harsh sanction utilized where that party has unjustifiably delayed discovery." *EEOC v. Safeway Store, Inc.*, No. C-00-3155 TEH (EMC), 2002 U.S. Dist. LEXIS 25200, at *6 (N.D. Cal. Sept. 16, 2002) (citation omitted). Defendant's delay of discovery is clearly unjustified, as Defendant has not even tried to justify it.

In sum, Plaintiffs do not disagree that "'[m]inor procedural violations, good

---

[2] As to this factor, Defendant cite the inapposite decision of *United States ex rel. Burroughs v. DeNardi Corp.*, where responses were served 6 days late (not more than one month), and where the responding party had explained that its tardiness was due to a calendaring defect (when no explanation has been given here). 167 F.R.D. 680, 687 (S.D. Cal. 1996).

faith attempts at compliance, and other such mitigating circumstances militate against finding waiver.'" *Id.* (citation omitted). However, it is clear that "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.'" *Id.* (citation added). Defendant's nonfeasant conduct amounts to waiver, and it now must be ordered to produce all responsive documents without objection.

### III. PLAINTIFF'S SERVICE OF THE RFPS WAS PROPER

Defendant claims that the subject RFPs were served at defense counsel's prior office address, and that defense counsel only received a courtesy copy of the RFPs. Defendant apparently is suggesting that service was improper. This suggestion is improper and misleading because, when the RFPs were served on November 29, 2017, defense counsel had not yet filed a notice of change of address. That was filed on December 1, 2017. ECF No. 20. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]"); C.D. Cal. L.R. 83-2.4 (requiring an attorney "who has been authorized to appear in a case in this Court . . . and who changes his or her name, office address . . . law firm association (if any) . . . or e-mail address must, within five (5) days of the change, notify the Clerk of Court in writing. If any actions are currently pending, the attorney or party must file and serve a copy of the notice upon all parties.").

### IV. FEES ARE JUSTIFIED

The Federal Rules require the Court to award attorneys' fees when a motion is granted, unless the party resisting the motion is substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Defendant has not explained its delay and refusal to engage in the meet and confer process. Had Defendant simply responded to meet and confer efforts, or provided documents in a timely fashion, this whole motion would have been avoided. Instead, Defendant unnecessarily forced Plaintiff to spend thousands of dollars chasing down relevant discovery. This is not justifiable conduct.

1 | DATED: April 17, 2018      LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Daniel C. DeCarlo
Daniel C. DeCarlo
Attorneys for Plaintiff CLEAR CREEK CONSULTING, INC.